IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DUANE RONALD BELANUS,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; TIM FOX,<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-60-H-CCL<br><br><br>ORDER |

This matter comes before the Court on an application for writ of habeas corpus and supplement filed by pro se state petitioner Duane Ronald Belanus pursuant to 28 U.S.C. §2254. See, (Docs. 1 & 4.) Belanus has also filed a demand for a jury trial. (Doc. 3.)

I.  **Belanus's Claims**

Belanus seeks to challenge a 2009 judgment of conviction handed down in Montana's First Judicial District, Lewis and Clark County. Belanus received two life without parole sentences for Aggravated Sexual Intercourse without Consent and Aggravated Kidnapping, in addition to two 10-year sentences for Burglary and Tampering with and/or Fabricating Evidence. (Doc. 1 at 2.) Specifically, Belanus

1

alleges: (1) his sentence is greater than that authorized by the Montana Legislature, see (Doc. 1 at 20-29), (Doc. 4 at 23-33); (2) his sentence violates due process because it is based on findings made by the judge rather than the jury, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), see (Doc. 1 at 30-37), (Doc. 4 at 34-45); and, (3) appellate counsel provided ineffective assistance. (Doc. 4 at 45-50). Belanus asserts, despite his two life-sentences without the possibility of parole, that he is entitled to immediate release, because his state sentences are both unconstitutional and have expired. (Doc. 1 at 1, 2, 16.)

## II. Analysis

Belanus has previously filed a petition challenging his 2009 state court convictions. See, *Belanus v. Guyer, et al.*, Cause No. CV-16-104-H-DLC-JTJ, Pet. (filed Nov. 18, 2016). That matter had previously been stayed to allow Belanus to attempt to exhaust his claim regarding the constitutionality of his life without parole sentences before the Montana Sentence Review Division (SRD). See, *Belanus v. Guyer, et al.*, Cause No. CV-16-104-H-DLC-JTJ, Or. (filed March 19, 2019). The stay was recently extended following Belanus's notice that the SRD affirmed his sentence and he intended to file a petition for a writ of certiorari before the United States Supreme Court. *Belanus v. Guyer, et al.*, Cause No. CV-16-104-H-DLC-JTJ, Or. (filed Sept. 30, 2020). In his companion habeas case, Belanus raises many claims, including the same claims he attempts to present in

the instant matter.[1]

In 1996, when Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), it generally limited each prisoner to filing one habeas petition per judgment of conviction, absent very limited circumstances. See e.g., *U.S. v. Barrett*, 178 F. 3d 34, 57 (1st Cir. 1999);[2] see also, 28 U.S.C. § 2244(b) (prohibiting the filing of second or successive petitions); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)(district court lacks jurisdiction to hear a second or successive petition absent authorization from the Circuit Court). Because Belanus has an active § 2254 petition pending in which he raises the same claims as those presented to this Court, it would be not only inefficient, but also violative of the AEDPA, to allow him to proceed in the instant matter. The petition will be dismissed.

Additionally, there is no right to a jury trial in §2254 proceedings. A

---

[1] See generally, *Belanus v. Guyer, et al*, CV-16-104-H-DLC-JTJ: **Claim DD** (Doc. 1-4 at 123-141)(challenging the legality of the sentence, advancing an *Apprendi* violation, and arguing his sentence has already been served); **Claim HH** (Doc. 25-11)(sentence is illegal, was imposed in violation of state law, and was based upon findings not made by a jury); **Claim Z** (Doc. 1-4 at 82-141) (asserting ineffectiveness of appellate counsel, including claim that counsel failed to challenge Belanus' sentence on appeal and failed to argue that his sentence exceeded the maximum sentence allowed by statute).

[2] "There is only one bite at the post-conviction apple unless a second or successive petition can show one of two things: a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or newly discovered evidence sufficient to establish by clear and convincing evidence, on the whole record, that no reasonable factfinder would have returned a guilty verdict. A claim of actual innocence—defined as factual innocence, not mere legal insufficiency—will have a mechanism for review."

3

Petitioner may be granted an evidentiary hearing, but only if the petition is not dismissed and the Court determines an evidentiary hearing is warranted following a review of the record. *See*, Rule 8(a) of Rules Governing Section 2254 Cases. Belanus is not entitled to a jury trial in these proceedings, nor does he meet the requisite standard for an evidentiary hearing. Belanus's request for a jury trial will be denied.

### III.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied. Belanus has not yet made a substantial showing that he has been denied a constitutional right. Moreover, because the claims presented in this petition are already pending in Belanus's companion habeas case, no reasonable juror would find a basis to encourage these

proceedings.

Based on the foregoing IT IS HEREBY ORDERED:

1. This matter is DISMISSED. The Clerk of Court is directed to enter judgment in favor of Respondents and against Petitioner.

2. The Clerk of Court is directed to file the petition, exhibits, and supplement filed in this matter, (Docs. 1; 1-1 through 1-10, and Doc. 4), into the record of Belanus's companion habeas case, *Belanus v. Guyer, et al.*, Cause No. CV-16-104-H-DLC-JTJ, for Magistrate Judge Johnston's consideration, if appropriate, once the stay in that matter is lifted.

3. A certificate of appealability is DENIED.

DATED this 5th day of October, 2020.

Charles C. Lovell
Senior United States District Judge